# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

FILED

98 AUG 17 PM 3: 27

U.S. DISTRICT COURT
N.D. OF ALABAMA

PHILOCLES JOFFRE,                          )
                                           )
      Plaintiff,                      )
                                           )
vs.                                        )       CV 97-PT-3240-E
                                           )
FEDERAL BUREAU OF PRISONS,                 )
et al.,                                    )
                                           )
      Defendants.                     )

ENTERED

AUG 1 7 1998

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on June 29, 1998, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief can be granted. Plaintiff filed his objections to the report and recommendation on July 24, 1998.

The magistrate judge stated in his report and recommendation that plaintiff's claims filed pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), are barred by the two-year Alabama residual statute of limitations set forth in ALA. CODE § 6-2-38(1). Attached to plaintiff's objections is a photocopy of *Acoff v. Abston*, 762 F.2d 1543, 1546 (11th Cir. 1985), with the following language highlighted:

> Federal courts in the past have applied ALA. CODE § 6-2-34 (1975) to Section 1983 claims. *Beard v. Stephens*, 372 F.2d 685 (5th Cir. 1967). That six-year statute applies to "trespass to the person" such as assault and battery and is the most appropriate statute to apply to claims for personal injury caused by the direct wrongdoing of persons acting under color of state law.

Attached to the photocopy is a handwritten note stating: "[A] Bivens claim would still be timely but a tort claim is barred."

*Acoff*, the case on which plaintiff relies, has been overruled by the United States Supreme Court's decision in *Owens v. Okure*, 488 U.S. 235 (1989). *See Jones v. Prueit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989). In *Owens*, the Supreme Court held that the proper statute of limitations for a § 1983 action is the forum state's general or residual statute of limitations for personal injury actions. As noted above, the residual statute of limitations in Alabama is two years. ALA. CODE § 6-2-38(1). The Eleventh Circuit Court of Appeals observed in *Jones*: "Prior to *Owens*, a six-year statute of limitations period applied to section 1983 actions in Alabama. After *Owens*, the two-year limitations period of ALA. CODE § 6-2-38(1) applies to section 1983 actions in Alabama." 876 F.2d at 1483 (citations omitted). The two-year statute of limitations is also applicable in actions filed pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996). Plaintiff's cause of action arose on January 28, 1994, well after the Supreme Court's decision in *Owens v. Okure*. His claims are therefore subject to the two-year statute of limitations and are time barred.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and plaintiff's objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this ____ day of ____ 1998.

ROBERT B. PROPST
UNITED STATES DISTRICT JUDGE

2